UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT E. BROWN, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:04CV00579-ERW |
| (AGF) | |
| | ) |
| DAVID DORMIRE, | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Audrey Fleissig [doc. #21] pursuant to 28 U.S.C. § 636(b). Petitioner has filed Objections to the Report and Recommendation [doc. #23]. When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

## I. BACKGROUND

The Magistrate Judge's Report and Recommendation sets forth in detail the facts of this case, and they will not be repeated here. Plaintiff raised four grounds for federal habeas relief before the Magistrate Judge, however, he objects to only three of the Magistrate Judge's findings. This Court will only review de novo those portions of the Report and Recommendation to which the Plaintiff objects. *Lothridge*, 324 F.3d at 600. First, Plaintiff asserts that the state appellate court lacked jurisdiction to hear the State's appeal of the order granting a new trial, because it was filed beyond the ten-day period proscribed for filing such an appeal, and because an appeal

1

from an order granting a new trial was improper. Second, Plaintiff asserts that he had ineffective assistance of counsel, because his trial counsel failed to object to the admission of evidence regarding Plaintiff's alleged homosexuality. Lastly, Plaintiff objects to the finding that Plaintiff's trial counsel did not err in failing to request a circumstantial evidence instruction. Under his third objection, Plaintiff also asserts that the failure to give such an instruction constitutes the *ex post facto* application of a Missouri Supreme Court decision. Plaintiff does not object to the Magistrate Judge's findings on Plaintiff's fourth ground for relief, and therefore the Court will not address that ground.

## II. DISCUSSION

The Court will now conduct a *de novo* review of each of Plaintiff's objections to the Magistrate Judge's findings. *Lothridge*, 324 F.3d at 600.

### A. Jurisdiction of the Missouri Court of Appeals

The Plaintiff raises two objections to the Missouri Court of Appeals jurisdiction over the State's appeal of the Missouri trial court's order granting Plaintiff a new trial. First, Plaintiff asserts that the appeal was procedurally improper as it exceeded the ten-day time limitation for filing an appeal. Second, Plaintiff asserts that an order granting a new trial is an interlocutory order and therefore not subject to appeal.

The Magistrate Judge recognized that Plaintiff is correct that the appeal was improper because it was filed after the ten day time period. However, the Magistrate Judge further recognized that this error does not constitute a violation of Plaintiff's federal constitutional rights. "[H]abeas review is limited 'to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.'" *Lannert v. Jones*, 321 F.3d 747, 751 (8th Cir. 2003) (quoting *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). Furthermore, the Eighth Circuit has "repeatedly

stated that 'a mere violation of state law is not the automatic equivalent of a violation of the federal Constitution.'" *Lannert*, 321 F.3d at 751 (quoting *Chambers v. Bowersox*, 157 F.3d 560, 564 (8th Cir. 1998)). This general rule is subject to only limited exception. Some procedural aspects of sentencing are so fundamental that they must be adhered to, in order for the state to impose a valid sentence. *Chambers*, 157 F.3d at 565 ("These cases . . . represent a rather narrow rule: some aspects of the sentencing process, created by state law, are so fundamental that the state must adhere to them in order to impose a valid sentence"). Under this narrow exception, a habeas petitioner may be able to show a deprivation of a liberty interest without due process of law, under the Fourteenth Amendment to the Constitution. *Id.*; *see also Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (State law requiring a jury to impose the sentence gave the defendant "a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by a jury in the exercise of its statutory discretion, and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State.").

The case at bar does not fall within the narrow limitation set forth by the Supreme Court in *Hicks*, and expounded upon by the Eighth Circuit in *Chambers*. The state law in question required that a motion for appeal be filed within ten days of the entry of the order. The state law at issue in this case, is more closely analogous to the facts of *Chambers*, where the court held that the admission of a probation officer's testimony during the sentencing phase, in violation of state law, was not a violation of due process, as opposed to the facts of *Hicks*, where the jury was erroneously instructed that the minimum sentence required was forty years, rather than the actual ten year minimum. *Chambers*, 157 F.3d at 564; *Hicks*, 447 U.S. at 346. The ten day time period was not a fundamental part of the sentencing procedure, sufficient to rise to the level of procedural due process violation. *Chambers*, 157 F.3d at 564. In a recent Eighth Circuit opinion,

the court specifically distinguished between the violation of a state procedural rule involving criminal sentencing, from state rules concerning post-conviction proceedings. *Simpson v. Norris*, 490 F.3d 1029, 1029 (8th Cir. 2007) ("And we have distinguished *Hicks*, which involved the violation of a state procedural rule concerning criminal sentencing, an area in which a defendant is entitled to constitutional protection, from the alleged violation of a state rule concerning post-conviction proceedings, an area in which a defendant is not necessarily afforded constitutional protections." (internal citation omitted)). Although Plaintiff does not challenge the post-conviction actions of the Missouri Court, the granting of a new trial is more closely analogous to post-conviction proceedings than to sentencing proceedings. Furthermore, the Eighth Circuit has limited constitutional protection to those state court actions involving sentencing; the case at bar does not involve sentencing. Therefore, Plaintiff's objection on this ground is unsuccessful, and the Magistrate Judge's decision is adopted by this Court.

The Plaintiff also asserts that the appeal was procedurally improper as no final judgment was entered from which an appeal could proceed. Plaintiff's counsel, after the case had been remanded and the Plaintiff had been sentenced, challenged the Missouri Court of Appeals' mandate reversing the trial court's ruling for a new trial, on the ground that it was not a final appealable order; the Missouri Court of appeals summarily denied this motion. This issue was also raised in Plaintiff's request for post-conviction relief before the state court, however, it was raised in the context of an ineffective assistance of counsel claim. The state motion court, who heard Plaintiff's request for post-conviction relief, held that at the time the law was unclear, and that Plaintiff's direct appeal counsel was not ineffective for failing to raise the jurisdictional question on direct appeal. Furthermore, the state court found that even had the issue been raised, there was no evidence that the result of the proceeding would have been different, as required

under the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668 (1984). The motion court's ruling was upheld on appeal. The Magistrate Judge addressed the failure to file within the ten-day time period, but did not address the question of appealability generally.[1] Plaintiff is not asserting ineffective assistance of counsel before this Court; Plaintiff argues that the failure to comply with the state procedural rule violated Plaintiff's due process rights.[2]

The State Court, in the state post-conviction proceedings, held that the law was unclear whether an order granting a new trial was appealable. Plaintiff disputes this, citing a number of cases which state that an appeal from an order granting a new trial is improper. *See e.g. State v. Jaeger*, 394 S.W.2d 347, 352 (Mo. 1965) ("Until there is a sentence there is no final, appealable judgment and an appeal before sentence is premature demanding that the submission on appeal be set aside and the cause remanded to the end that the defendant be brought before the court for the proper pronouncement of sentence."); *see also State v. Harris*, 486 S.W.2d 227, 229 (Mo. 1972) ("The order sustaining the state's motion to vacate is not a final judgment."). Upon review, this Court finds that regardless of the state of the law at the time of Plaintiff's appeal, the state court's

---

[1]It is unclear whether Plaintiff was challenging both the timeliness of the appeal, and the appealability of the order granting a new trial, or if he was only challenging the former. Plaintiff's petition under § 2254 describes ground one as "The Court had no jurisdiction to hear the state's appeal and the state's appeal was submitted late." *Pl. Petition*, p. 5. The Magistrate Judge did not address the issue, however, Plaintiff has raised the objection, and therefore this Court will address the jurisdictional question at this time.

[2]The Magistrate Judge briefly addressed the ineffective assistance of counsel claim, finding that even had Plaintiff raised it, it would be unsuccessful. Specifically, the Magistrate Judge found that the Missouri Court's decision was not contrary to, nor did it involve an unreasonable application of the *Strickland* test, as required for habeas relief. 28 U.S.C. § 2254(d). The Court agrees that Plaintiff's trial counsel's performance could not be said to be below the *Strickland* standard of reasonableness, and therefore the State Court's decision on this issue was not unreasonable.

failure to follow this state procedural law, is not sufficient to raise to the level of a due process violation.[3]

The Court's analysis above is equally applicable to Plaintiff's second challenge to the state appellate court's jurisdiction over the State's appeal of the state trial court's ruling. The violation of a state law does not generally give rise to constitutional protection, and as stated above, this situation does not fall within the narrow exception. *See Chambers*, 157 F.3d at 564. It is unnecessary to repeat the above discussion. Furthermore, state law permitted the appeal challenged by the Plaintiff. The Court concludes that there is no ground for habeas relief on the basis that the appeal from the trial court's order granting a new trial was improper.

**B. Evidence of Homosexuality-Ineffective Assistance of Counsel**

Plaintiff objects to the Magistrate Judge's finding that trial counsel's failure to object to evidence of Plaintiff's homosexuality was not ineffective assistance of counsel. Plaintiff argues that this constituted character evidence which should have been excluded, and that its admission was prejudicial. Plaintiff objects to statements by two inmates, who testified against Plaintiff in return for shorter sentences, and comments by the prosecutor during closing arguments.

The review of a trial counsel's performance is "highly deferential," as it is "all too tempting for a defendant to second-guess counsel's assistance after an adverse sentence, and it is

---

[3]It does appear that despite the clear statement in *Harris*, cited by Plaintiff, Missouri Courts of Appeal routinely addressed orders granting a new trial at the time the State filed its appeal in Plaintiff's criminal action. *See e.g. State v. Casebolt*, 994 S.W.2d 114, 114 (Mo.Ct.App. 1999) (Stating that the threshold question was the timeliness of the appeal from an order granting an accused a new trial in a criminal proceeding, not whether such an appeal may lie.); *see also State v. Ginn*, 31 S.W.3d 454, 455 (Mo.Ct.App. 2000) (Addressing the merits of a state's appeal from the trial court's order granting a new trial, and subsequently affirming that order.). Therefore, this Court finds that the State court's conclusion that the State Court of Appeals had jurisdiction to hear the appeal was not unreasonable, as the case law at the time supported the review of a trial court's order granting a new trial.

6

all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. To succeed on an ineffective assistance of counsel claim, the petitioner must show that counsel's actions were unreasonable, and that the unreasonable error had an effect on the judgment. *Id.* at 690-92. This difficult standard is further heightened in the context of a § 2254 petition; "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly[, r]ather, he must show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Underdahl v. Carlson*, 381 F.3d 740, 742 (8th Cir. 2004) (internal citation and alterations omitted).

Plaintiff is not able to meet this high burden in the case at bar, and therefore the Court adopts the findings of the Magistrate Judge. In a post conviction evidentiary hearing, Plaintiff's trial counsel testified that he did not object to the testimony by the two inmates because he believed that evidence of Plaintiff's alleged homosexuality would come in at some point, and that there were benefits to it being introduced through the testimony of two convicted inmates. Plaintiff's counsel testified that the inmates' testimony would be easier to discredit than statements by other witnesses, because the inmates were testifying in return for shorter prison sentences. Furthermore, Plaintiff's counsel stated that allowing evidence of Plaintiff's homosexuality permitted Plaintiff's counsel to question the two inmates about an abortion Plaintiff's wife had undergone. Plaintiff's counsel testified that he believed this testimony would be beneficial to Plaintiff as it would reflect negatively upon the victim. The State court, as well as the Magistrate Judge, found that this strategy, testified to by Plaintiff's counsel, was reasonable, and failed to meet the standard for ineffective assistance of counsel. There is no evidence presented by Plaintiff in his objection to the Magistrate Judge's findings, that the State Court's

determination was unreasonable, or contrary to clearly established federal law. Furthermore, the asserted reasons by trial counsel for his decision are reasonable, and therefore support the State Court's decision that his actions did not violate *Strickland*. Plaintiff has not provided any basis for relief under the *Strickland* test, and therefore cannot meet the heightened standard required under a habeas petition. The Magistrate Judge's ruling is adopted by the Court.

### C. Circumstantial Evidence-Ineffective Assistance of Appellate Counsel

Plaintiff's third objection challenges the trial court's failure to give a circumstantial evidence instruction. Plaintiff asserts that the appellate court's finding that such an instruction was unnecessary constitutes an *ex post facto* law, in violation of the United States Constitution. Additionally, Plaintiff asserts that his Appellate Counsel was ineffective for failing to appeal the trial court's failure to give the instruction, on direct appeal. The Magistrate Judge found that the trial court's failure to give the requested instruction did not constitute a violation of the federal Constitution, and that Plaintiff's appellate counsel was not ineffective. However, the Magistrate Judge did disagree with the trial court's finding that the case was not based exclusively on circumstantial evidence, and therefore the instruction was inapplicable.[4] The Magistrate Judge also disagreed with the state appellate court's failure to analyze the issue under the federal *ex post facto* clause. Irregardless of these stated errors by the respective state courts, the Magistrate Judge found no basis for habeas relief, and this Court agrees with those findings.

At the time the crime was committed, Missouri trial courts were obligated to give a circumstantial evidence instruction in cases based entirely upon circumstantial evidence.[5]

---

[4]If the instruction were still in force, then it would have been applicable to the facts of this case.

[5]The requested instruction stated:

8

However, in May, 1993, the Missouri Supreme Court repealed the second paragraph of the instruction, as it did not accurately state the law. *State v. Grim*, 854 S.W.2d 403, 407-408 (Mo. 1993). Following the decision in *Grim*, a Missouri Court of Appeals held that a trial court correctly refused to give the repealed instruction, even though the crimes were committed before the Missouri Supreme Court's decision in *Grim*. *State v. Woodworth*, 941 S.W.2d 679, 700 (Mo.Ct.App. 1997). The Missouri Appellate Court stated "[i]n repealing MAI-CR 3d 310.02 [circumstantial evidence instruction], *Grim* held that the instruction incorrectly stated the law and functioned to confuse and mislead jurors. The trial court did not err in refusing to give this instruction." *Woodworth*, 941 S.W.2d at 700.

The Plaintiff is unable to show a violation of the *ex post facto* clause, as applied to the states through the Fourteenth Amendment of the Constitution. An *ex post facto* law is defined as "one 'that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action,' or 'that aggravates a crime, or makes it greater than it was, when committed.'" *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964) (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798)). Under the Fourteenth Amendment a State Supreme Court is barred from passing an *ex post facto* law, just as a State legislature is so prohibited. *Bouie*, 378 U.S. at 353-54.

---

Circumstantial evidence is the proof of facts or circumstances that give rise to a reasonable inference of other facts that tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.

You should not find the defendant guilty unless the facts and circumstances proved are consistent with each other and the guilt of the defendant, and inconsistent with any reasonable theory of his innocence.

The definition of an *ex post facto* law is inapplicable to the situation in the case at bar. The Missouri Supreme Court held that the requested instruction did not accurately state Missouri law. It did not change the law to make something illegal that was previously legal, nor did it increase the penalty of an act that was previously illegal. *Bouie*, 378 U.S. at 353. The Ohio Supreme Court addressed an identical issue in reviewing a similarly worded circumstantial evidence instruction. *State v. Webb*, 638 N.E.2d 1023, 1029 (Ohio, 1994). In that case, the defendant argued that by removing the requested instruction, the state Supreme Court had lowered the quantum of proof required for a criminal conviction. *Id.* However, the Court held that the definition of *ex post facto* law, as stated by the United States Supreme Court, "was not intended to prohibit the application of new evidentiary rules in trial for crimes committed before the change." *Id.* at 1030 (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)). The Ohio Court concisely stated the application of Supreme Court holding to the circumstantial evidence instruction:

> Retroactive application of *Jenks* [the Ohio Supreme Court decision abolishing the use of the instruction] 'does not punish as a crime an act previously committed, which was innocent when done; nor make more burdensome the punishment for a crime, after its commission; nor deprive one charged with crime of any defense available according to law at the time when the act was committed.' *Jenks* changed only the 'evidentiary standard,' and *Collins* established that new evidentiary rules may be applied retroactively.

*Webb*, 638 N.E.2d at 1030 (quoting *Collins*, 497 U.S. at 52)). Therefore, Plaintiff's assertion that the failure to give the circumstantial evidence instruction, in accordance with the Missouri Supreme Court decision in *Grim*, was a violation of the *ex post facto* clause, is without basis. 854 S.W.2d at 407-408.

The Magistrate Judge concluded that because Plaintiff's claim, that the failure to give the requested instruction violated the *ex post facto* clause, was unsuccessful, the Plaintiff's ineffective

assistance of counsel claim cannot succeed. The Court agrees; counsel cannot be ineffective for failing to raise a meritless argument. Therefore, Plaintiff's third objection to the Magistrate Judge's findings is overruled.

### III. CONCLUSION

The Court has reviewed those portions of the Magistrate Judge's findings to which the Plaintiff filed objections, and concludes that Plaintiff's objections are without merit. The state court did not violate the treatise, laws, or Constitution of the United States, and therefore habeas relief is not warranted in this case. The Court also considers whether a certificate of appealability is appropriate in this case. A certificate of appealability will issue if the petitioner makes a substantial showing of the denial of a constitutional right. A petitioner makes such a showing if he demonstrates that his petition involves issues which are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues are adequate enough to deserve encouragement to proceed further. *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002). In this case, Petitioner has not demonstrated that he is entitled to a certificate of appealability as to any claim presented in his § 2255 Petition.

The Court hereby sustains, adopts, and incorporates herein the Magistrate's Report and Recommendation, as supplemented by this Court's independent analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Scott Brown's § 2254 Petition [doc. #1] is **DENIED.**

Dated this <u>22nd</u> Day of <u>August</u>, 2007.

*E. Richard Webber*
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE